UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATE STEINBERG,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE RECOVERY SERVICE, INC.,<br><br>    Defendant. | Case No. 1:21-cv-01473 |

## COMPLAINT

**NOW COMES** Plaintiff, KATE STEINBERG, through undersigned counsel, complaining of Defendant, NATIONWIDE RECOVERY SERVICE, INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for violation(s) of the Fair Debt Collection Practices Act, (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. KATE STEINBERG ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1809 North Lincoln Park West, Apartment GF, Chicago, Illinois 60614.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. NATIONWIDE RECOVERY SERVICE, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Tennessee.

7. Defendant has its principal place of business at 545 West Inman Street, Cleveland, Tennessee 37311.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Defendant mailed Plaintiff a letter, dated January 9, 2021, which stated:

| ACCOUNT IDENTIFICATION | |
|---|---|
| Original Creditor | VETERINARY SPECIALTY CENTER |
| Forwarding Agency | FOREST RECOVERY SVCS LLC |
| NRS Acct # | 17645964 |
| Creditor Acct # | FRS1031000 FRS1031000 |
| Service For | |
| Total Due | $654.52 |

Your account has been placed with our company by the agency noted above with instructions to proceed with collections.

Please refer to your file number when calling.

See additional page(s) for account detail.

---

[1] NRS has operating facilities strategically located across the United States for national coverage. Our client base is among top tier hospitals and health systems across the country. NRS has immediate capacity, resources and specific industry/product expertise for any size or custom project.

We have call center, collections, and recovery management experience from both the healthcare/hospital and collection agency industry and preregistration services both on- and off-site. Our inbound and outbound calling capacity is expandable systems to accept increased volumes.

Our first-party collection expertise is aimed at reducing charge off and delinquent account management and our third-party recovery service is available at all stages of delinquency, pre- and post-chargeoff. http://nrsagency.com/AboutUs.php (last accessed March 17, 2021).

> **Important Notice**: Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> **See reverse side for important information.**
>
> You may now pay online by going to https://nrs.webview.com. You will be asked for your account number, which is 17645964.

11. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

12. Plaintiff's *alleged* $654.52 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. ***The twist?*** Plaintiff ***did not*** have previous business dealings with Veterinary Specialty Center; therefore, ***was not*** financially responsible for the *alleged* $654.52 balance.

## DAMAGES

14. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

15. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); *see also O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

16. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph*

3

*P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

17. Confused, Plaintiff engaged counsel to look into this *alleged* $654.52 balance with Veterinary Specialty Center.

18. On February 4, 2021, Plaintiff, through counsel, disputed this *alleged* $654.52 balance via fax.

19. In seeking counsel, Plaintiff incurred attorneys' fees as well as needlessly expended time.

20. Defendant's unlawful collection practices presented real risk of harm to Plaintiff—specifically, she was coerced/enticed/misled to pay an *alleged* $654.52 balance she did not owe.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act—15 U.S.C. § 1692 *et seq.*

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

22. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

(2) The false representation of–

    (A) the character, amount, or legal status of any debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. Merely dunning a person who is not legally obligated to pay the debt constitutes a false, misleading, or deceptive representation about the character and status of the debt. *Kayyal v. Enhanced Recovery Co., LLC*, 2019 U.S. Dist. LEXIS 161475 (N.D. Ill. 2019) (citing *Owens v. Howe*, 2004 U.S. Dist. LEXIS 22728, 2004 WL 6070565, *11 (N.D. Ind. 2004).

24. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of–

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), and e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 17, 2021          Respectfully submitted,

**KATE STEINBERG**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com